UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| GENESIS DE LA CRUZ, individually and on behalf of all others similarly situated, | Civil Case No.: |
| Plaintiffs, | |
| v. | **CIVIL ACTION** |
| IMPROVED DATA SERVICES LLC and BRIAN MURPHY, | **CLASS ACTION COMPLAINT** |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff GENESIS DE LA CRUZ (hereinafter, "Plaintiff"), a California resident, brings this class action complaint by and through the undersigned attorneys, against Defendant IMPROVED DATA SERVICES LLC and BRIAN MURPHY (hereinafter "Defendants"), for its violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 (hereinafter "FDCPA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re

-1-

inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## NATURE OF THE ACTION

3. Plaintiff brings this action individually and on behalf of a class of California consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), which prohibits debt collectors from engaging in false, deceptive or misleading practices.

5. Defendant's actions violated California Civil Code § 1788 et seq. of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

9. Plaintiff is a natural person and a resident of the state of California and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant Improved Data Services LLC is a collection agency with its principal office located at 5500 Main Street, Suite 212, Williamsville, New York 1422 and its registered agent, National Registered Agents, Inc. located at 28 Liberty Street, New York, New York 10005.

11. Defendant Brian Murphy is employed by Improved Data Services LLC for purposes of collecting or attempting to collect debts alleged to be due another.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

13. Defendant Improved Data Services LLC ("IDS") is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. Defendant Brian Murphy is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**ALLEGATIONS OF FACT**

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to May 18, 2020, an obligation was allegedly incurred to Net Credit.

17. The NET CREDIT obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

18. The alleged NET CREDIT obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. NET CREDIT is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. Defendants contend that the NET CREDIT debt is past due.

21. NET CREDIT directly or through an intermediary contracted the Defendant to collect the alleged debt.

22. Sometime prior to May 18, 2020, Defendant IDS began placing calls to Plaintiff on Plaintiff's cellular telephone to collect the alleged debt.

23. Defendant IDS called Plaintiff on several occasions from (855)854-3410, which is one of Defendants' telephone numbers.

24. On or about May 18, 2020, Defendant placed a call to Plaintiff's place of employment and left a voicemail to collect the alleged debt.

25. On or about May 19, 2020, Defendant placed another call to Plaintiff's place of employment and left another voicemail to collect the alleged debt.

26. The May 18th and 19th calls were placed by persons employed by Defendant as a

"debt collector" as defined by 15 U.S.C. §1692a(6).

27. The May 18th and 19th calls are "communications" as defined by 15 U.S.C. §1692a(2).

28. On May 22, 2020, Plaintiff answered a call from Defendant in another attempt to collect the alleged debt.

29. The May 22nd phone call is a "communication" as defined by 15 U.S.C. §1692a(2).

30. During the May 22, 2020 conversation, Improved Data Services' representative falsely implied that legal action was initiated against Plaintiff and threatened to take legal action against Plaintiff if she did not make a payment to Improved Data Services.

31. A majority of these calls were made by a debt collector named Brian Murphy.

32. Pursuant to the FDCPA, an individual may be personally liable under the FDCPA on the basis of his participation in debt collection activities. See 15 U.S.C. §1692a(6).

33. This conduct of "Brian Murphy" calling with false threats of litigation is not new or uncommon. A quick search on 800notes.com came up with some of the following complaints:

- "Called looking for my son, who doesn't live with us, he's in another state. He identified himself as Brian Murphy from IDS and said it was about a legal matter being filed against my son. After checking on this, it is a way to try to get money from people. It's not a legitimate phone call!!!"

- They harassed and threatened me to make payment arrangements or they were serving me. I don't even have this account on my credit report. I had to cancel my bank card and everything.

*Caller: Brian Murphy*

*Call type: Debt collector*

- Brian Murphy from 'IDS' called me in regards to a family member. Tries to confuse you with complicated legalese and it seemed so shady. Sounds like a bogus debt collector or something of the sorts. Block numbers

*Caller: Brian Murphy IDS*

*Call type: Debt collector*

34. These phone calls caused the Plaintiff to suffer emotional harm.
35. At no time during any of the conversations did the Defendant state that the call was coming from a debt collector.
36. Furthermore, Defendant called Plaintiff several times in May of 2020, leaving at least three voicemails.
37. On none of those voicemails did Defendant identify themselves as a debt collector, as required by the FDCPA.
38. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors." 15 U.S.C. § 1692(a). To effectuate that purpose, Congress required that debt collectors identify themselves as one on all communications with a consumer.

39. By failing to provide Plaintiff with this statutorily required information, Defendant's conduct caused the Plaintiff concrete harm.

## CLASS ALLEGATIONS

40. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class consisting of: a) All consumers who have an address in the state of California b) who the Defendant called c) attempting to collect a consumer debt d) which a voicemail was left with no mention that the call was from a debt collector e) which occurred on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

41. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

42. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

43. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants communications to consumers violate 15 U.S.C. § 1692e.

44. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

45. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

46. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers violate 15 U.S.C. § 1692e.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of

      the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

47. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***
*Individually and on behalf of all others similarly situated*

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52. The Defendant violated said sections in its communication to the Plaintiff by:

    a. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10);

    b. Failing to disclose in subsequent communications that the communication is from a debt collector in violation of 1692e(11).

53. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***
***INDIVIDUALLY***

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. The Defendant violated said sections in its communication to the Plaintiff by:

    a. Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b. Falsely representing the character and legal status of the alleged debt in violation of 1692e(2);

    c. Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 1692e(5);

    d. Making a false representation or using deceptive means to collect a debt in violation of 1692e(10);

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**16 U.S.C. §1692d *et seq.***
***INDIVIDUALLY***

59. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

60. Defendants violated said section in their communications to Plaintiff by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to harass any person at the called number in violation of 15 U.S.C. § 1692d(5).

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**17 U.S.C. §1692d** *et seq.*
*Individually and on behalf of all others similarly situated*

61. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

62. Defendants violated said section in their communications to Plaintiff by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to harass any person at the called number in violation of 15 U.S.C. § 1692d(5).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Asbury Park, New Jersey
October 26, 2020

MARCUS & ZELMAN, LLC

By: */s/ Yitzchak Zelman, Esq.*
Yitzchak Zelman, Esq.
Yzelman@MarcusZelman.com
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256

ATTORNEYS FOR PLAINTIFF